# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **CATHY K. MINNIX,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00038 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | By:  James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,**[1] | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Kimberly Varillo, Assistant Regional Counsel, and Allyson Jozwik, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

I

Plaintiff Cathy K. Minnix filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income benefits

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-434, 1381-1383f (West 2011, 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Minnix filed an application for DIB on May 20, 2008, and for SSI on October 6, 2009. After preliminary denials of her claims, she obtained a hearing before an administrative law judge ("ALJ") on May 12, 2011, at which she was represented by counsel and during which she testified along with a vocational expert, Annmarie E. Cash, Ph.D. On June 20, 2011, the ALJ issued a written decision finding that Minnix was not disabled within the meaning of the Act. Minnix requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review on September 26, 2012, thereby making the ALJ's decision the final decision of the Commissioner. Minnix then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed. The case is ripe for decision.

II

Minnix claimed that she had been unable to work since January 15, 2008, based upon both exertional and nonexertional impairments. At the time of the

hearing before the ALJ Minnix was 32 years old. She has a college associate degree and has worked in the past as a residential assistant for disabled adults, a Wal-Mart sales associate, and as a customer service representative for Cingular Wireless. She lives in an apartment with her husband, who is unemployed and receives Social Security disability benefits.

In his written decision, the ALJ reviewed Minnix's medical history and the testimony presented at the hearing and set forth at length the reasons for his factual findings. He found that Minnix had severe impairments consisting of degenerative disc disease of the lumbar spine and obesity. The ALJ found that Minnix did not have an impairment that met or equaled the severity of a listed impairment under the applicable Social Security regulations. He found that in spite of her impairments, Minnix was capable of performing her past work as a customer service representative and thus was not under a disability.

It is contended in the present case that the ALJ erred by (a) failing to find that she suffered from severe mental impairments, and (b) by failing to give appropriate consideration to the plaintiff's obesity and its effects on her ability to work.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the

application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standards.

MENTAL IMPAIRMENTS.

The ALJ was faced with conflicting reports regarding the plaintiff's alleged mental impairments. Minnix was examined by B. Wayne Lanthorn, Ph.D., a clinical psychologist, on September 1, 2009, at the request of the Virginia Department of Rehabilitative Services. She advised Dr. Lanthorn that she had never received any formal psychiatric or psychotherapeutic intervention. She

reported that she had always been depressed and has had frequent panic attacks since she was 16 years old.

Dr. Lanthorn diagnosed Minnix with panic disorder, without agoraphobia and depressive disorder. He determinate that she had a GAF of 61 to 65.[2] He found that from a psychological point of view her prognosis was "fair." (R. 437.) In conclusion, he opined as follows:

> With regard to learning simple and moderately complicated tasks in the work setting, it is felt that the claimant would have no limitations. In the area of interacting with others, it is felt that the claimant may have mild or greater limitations. With regard to focusing her concentration and persisting at tasks in the workplace, it is felt that she would have, at worst, only mild limitations. Lastly, in dealing with the changes and requirements of work setting, it is felt that Ms. Minnix would have only mild limitations. The claimant appears to have an extensive work history at a variety of places in which [s]he apparently has done quite well in the past.

(R. 438.)

Minnix was also examined by L. Andrew Steward, Ph.D., a clinical psychologist, on April 21, 2011, at the request of her attorney. Dr. Steward diagnosed Mannix with major depressive disorder, single episode, severe without psychotic features, generalized anxiety disorder, and panic disorder with

---

[2] The global assessment of functioning ("GAF") scale is a method of considering psychological, social and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score below 50, moderate difficulty in functioning at 60 and below, some difficulty in functioning at 70 and below, and no more than slight impairment in functioning at 80 and below. Superior functioning is represented by 100. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994).

agoraphobia. He found her GAF to be 49. In summary, he noted that "[s]he does appear permanently and totally disabled from any type of gainful employment." (R. 474.)

The ALJ reviewed the two evaluations at length in his opinion. (R. 21-25.) He determined that Dr. Lanthorn's opinions were more consistent with the other evidence, including other medical treatment notes, and gave it greater weight. Based upon the ALJ's judgment of the weight of the evidence, he determined that Mannix's depression and panic disorder would cause no more than minimal limitations in her ability to perform basic work activities. My review of the record convinces me that I cannot second-guess this credibility determination.

## OBESITY.

At the hearing before the ALJ, Mannix reported that she was five feet, five inches tall and weighed 290 pounds. (R. 36-37.) At the time of her examination by Dr. Lanthorn less than two years earlier, she weighed 360 pounds. (R. 435.) She told Dr. Steward that she had gained and lost weight from time to time. (R. 468.) The ALJ found that Mannix's obesity was a severe impairment.[3] He noted that obesity may have an adverse impact on coexisting impairments, and may limit

---

[3] While there was no medical opinion stating that Mannix was obese, the ALJ relied upon the National Institutes of Health definition based upon body mass index. (R. 18-19.) Based upon her height and weight, Mannix had a body mass index of 48.3; the definition of obesity corresponds to a body mass index of 30 or above. *See* Nat'l Inst. of Health, *Calculate Your Body Mass Index,* http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm (last visited Feb. 14, 2014).

an individual's ability to sustain work-related activities.  (R. 19.)  However, he found, based upon the record, that while Mannix's back pain and excessive weight would limit her to sedentary work, she was not otherwise limited.  (R. 21.)

The ALJ's finding is supported by substantial evidence.  Mannix has had a long-time weight problem, but adequately performed other jobs, even including those with greater demands than sedentary work.   Her physical examinations have shown her to have a normal gait, no edema of the extremities, and normal strength. (R. 21.)

## IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER:  February 18, 2014

/s/  James P. Jones
United States District Judge